IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2009

No. 08-60620

Charles R. Fulbruge III
Clerk

STATE INDUSTRIAL PRODUCTS CORPORATION

Plaintiff - Appellant

v.

BETA TECHNOLOGY INC

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff State Industrial Products Corporation ("State") appeals the district court's grant of summary judgment in favor of Defendant Beta Technology, Inc. ("Beta"). The district court granted summary judgment on all claims against Beta, concluding that State's claims of conspiracy to breach contract, tortious interference with business relations, misappropriation of confidential information, violation of Mississippi trade secret statute (collectively, the "business tort claims"), and spoliation of evidence were barred by the statute of limitations. The district court granted summary judgment on State's claim that Beta was in contempt of the consent judgment and order (the

"contempt claim") on the basis that Beta was not a party to the action in which the order was entered. For the following reasons, we affirm in part, vacate in part, and remand.

I

State, a company in the business of selling specialty chemicals, employed Thomas Gene Hayden as a sales representative until Hayden voluntarily resigned in 2001. While employed by State, Hayden signed an agreement prohibiting him from using confidential customer information acquired in the course of his employment for a period of eighteen months after his employment ended. Approximately two months after his resignation, State sued Hayden in federal court for allegedly breaching the terms of the agreement by selling competitive products to his former State customers. State and Hayden agreed to settle the suit, and in June 2002 the district judge entered a consent judgment and order barring Hayden from using confidential customer information acquired during his employment with State for an eighteen-month period beginning in June 2002.

Also in June 2002, Hayden began working for Beta as a sales representative. Like State, Beta is in the business of selling specialty chemicals. In September 2002, State moved to hold Hayden in contempt for allegedly violating the terms of the June 2002 consent judgment and order. State and Hayden settled the dispute, and the district judge entered a second consent judgment and order with the same terms as the previous judgment, with the eighteen-month period beginning in September 2002. In June 2006, State filed a second contempt motion against Hayden, claiming to have recently learned that Hayden violated the prior consent judgments with Beta's help and knowledge. This claim was ultimately dismissed when Hayden agreed to resume employment with State.

In February 2007, State filed the instant action against Beta. State alleged that Beta knew of the settlements between State and Hayden, but failed to monitor Hayden's sales or otherwise attempt to insure that he was complying with the consent judgments. State further alleged that Beta, in an attempt to circumvent the orders and agreements, directed other employees to solicit purchases from the State customers that Hayden was prohibited from contacting. Based on these allegations, State sought compensatory and punitive damages on claims of contempt of consent judgment and order, conspiracy to breach contract, tortious interference with business contracts, tortious interference with advantageous economic relations, misappropriation of confidential information, violations of the Mississippi Trade Secret Statute, and spoliation of evidence. Beta asserted counterclaims of tortious interference with business contracts and employment relationships. These counterclaims were based in part on allegations that State offered Hayden financial incentives in exchange for favorable testimony against Beta in this lawsuit and as inducement for Hayden to terminate his employment with Beta and return to State.

Beta and State cross-moved for summary judgment. In June 2008, the district court granted Beta's motion, finding that Beta was entitled to summary judgment on all of the claims alleged by State. Specifically, the district court found that the business tort claims were barred by the statute of limitations, and the contempt claim could not be brought against Beta because Beta was not a party to the consent judgments.[1] The district court also granted State's motion for summary judgment on Beta's counterclaims. State now appeals.

---

[1] The district court also granted summary judgment on the spoliation of evidence claim in light of State's indication that it was not seeking separate damages for that claim, but raised the issue to preserve the right to request an evidentiary ruling at trial. The spoliation of evidence claim is not at issue in this appeal.

II

We review the district court's grant of summary judgment *de novo,* applying the same standard as the district court. *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003). We view all facts in the light most favorable to the non-movant, and affirm only when the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *see also Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

III

A

We first consider whether the district court correctly granted summary judgment on the business tort claims. The district court determined that these claims were barred by the three-year statute of limitations because they accrued in 2002. The district court further concluded that MISS. CODE ANN. § 15-1-49(2), known as the "discovery rule," is not applicable to this case because the claims do not involve latent injury. State argues that this was erroneous because the alleged wrongful conduct continued from 2002 to 2007, with much of it occurring within three years prior to its filing suit. Further, State argues that the district court's ruling on the discovery rule is erroneous because it failed to consider that the discovery rule is not applicable only to negligence or products liability cases. For the following reasons, we agree with the district court.

The parties agree that the business tort claims are governed by a three-year statute of limitations. *See* MISS. CODE ANN. § 15-1-49(1) (stating that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after"); MISS. CODE ANN. § 75-26-13 (stating that "[a]n action [under the Mississippi Trade Secret Statute] for misappropriation must be brought within three (3) years after the misappropriation is discovered or by the exercise of reasonable

4

diligence should have been discovered"). As we have found, "in Mississippi, the statute [of limitations] runs from the time of the injury, not from its discovery." *Commercial Servs. of Perry, Inc. v. FDIC,* 199 F.3d 778, 780 (5th Cir. 2000) (citing *Wilson v. Retail Credit Co.*, 325 F. Supp. 460, 465 (S.D. Miss. 1971), and *Central Trust Co. v. Meridian Light & Ry.*, 63 So. 575, 576 (Miss. 1913) (noting that "the time limited is to be computed from the day upon which the plaintiff might have commenced an action for the recovery of his demand")). However, in situations involving latent injury or disease, the discovery rule tolls the limitations period until the injury could have reasonably been discovered: "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15-1-49(2). Importantly, under § 15-1-49(2), the cause of action accrues once a party discovers its *injury*—regardless of whether the party has also discovered the cause of the injury. *See Barnes v. Koppers, Inc.,* 534 F.3d 357, 361 (5th Cir. 2008).

Accordingly, we must first determine whether the discovery rule applies to toll the limitations period until the injury was discovered or should reasonably have been discovered. As the Mississippi Supreme Court has held, this discovery rule only applies if a latent injury is present. *See Archer v. Nissan Motor Acceptance Corp.,* 550 F.3d 506, 509 (5th Cir. 2008). Under Mississippi law, a latent injury is "one where the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *See PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005) (internal quotation and citation omitted). There is no bright-line rule, but "[f]or an injury to be latent it

must be undiscoverable by reasonable methods" such as "through personal observation or experience." *Id*. at 51 (citations omitted).

We conclude that the discovery rule does not toll the limitations period in this case because Beta's allegedly unlawful actions were not undiscoverable by reasonable methods. It is clear from the undisputed record that State was capable of ascertaining whether Beta, through Hayden, was misappropriating confidential client information. State's corporate representative testified that learning the identities of companies selling competing products to State's customers was not difficult. State knew in 2002 that Hayden, on behalf of Beta, was contracting with his former State clients for the sale of Beta products. This shows that State could—and indeed did—learn of Beta's allegedly wrongful acts through reasonable methods. Further, as a sophisticated corporate party in the same business as Beta, State is not the type of "lay" party that the discovery rule is designed to protect. *See First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 338 n.7 (5th Cir. 2000) (citing *Smith v. Sneed,* 638 So. 2d 1252, 1258 (Miss. 1994), for the idea that the discovery rule protects laypersons who might not have the requisite knowledge or expertise to protect their rights against the wrongful actions of professional parties).

Having concluded that the discovery rule does not apply because no latent injury was present, we must determine whether State's injury occurred, and the business tort claims thus accrued, before or after February 8, 2004. If they accrued before February 8, 2004, the business tort claims are barred by the three-year statute of limitations. The district court found that the business tort claims accrued no later than December 31, 2002. Specifically, the district court held that no genuine issue of material fact existed regarding State's knowledge in 2002 that Beta, through Hayden, was misusing its confidential customer information, and that no genuine issue of material fact existed regarding the fact

that State did discover or should have discovered the alleged wrongful conduct by Beta at that time.

State argues, for the first time on appeal, that the statute of limitations does not bar these claims because the business tort claims are continuous in nature. State contends that even if the injury began prior to February 8, 2004, since Beta's wrongful conduct continued until after February 8, 2004, the statute of limitations clock should not start running until the date of the last injury. In the alternative, State argues in its reply brief that even if the business tort claims are not continuous, each time Beta assisted in a sale to a prohibited customer a new cause of action accrued. Under this theory, State argues that any sales made after February 8, 2004 constitute claims not barred by the statute of limitations.

State did not raise either of these arguments in the district court. Rather, it argued only that the statute of limitations did not bar its claims because it did not learn that Beta was aware of and assisting Hayden's noncompliance with the consent judgment until June or July 2006. Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate "extraordinary circumstances." *See N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir.1996); *see also Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *See N. Alamo Water Supply,* 90 F.3d at 916.

Here, State has failed to argue that a miscarriage of justice would result from our failure to consider the continuing tort and recurring cause of action claims.[2] *Id.* (explaining that the burden to establish extraordinary circumstances

---

[2] Though State notes that *Barnes v. Koppers, Inc.,* 534 F.3d 357 (5th Cir. 2008), was handed down after the district court's summary judgment ruling, State fails to show that this

is on the party seeking review). Moreover, whether the business tort claims were continuous and whether each alleged violation constituted a separate cause of action are not pure questions of law. On the contrary, they involve detailed factual determinations that the district court did not make because it was not presented with these arguments. Specifically, to properly rule on these claims the district court would have had to determine whether the alleged violations that Beta committed within the limitations period constituted separate and distinct injuries, or whether they were simply ongoing damages from the earlier injuries. Accordingly, since no extraordinary circumstances exist and the issues are not pure questions of law, we decline to consider these arguments for the first time on appeal.

We agree with the district court that the cause of action for the business tort claims accrued prior to February 8, 2004. Importantly, Mississippi law does not require the plaintiff to know with certainty that a cause of action existed; rather, "he need merely be on notice—or *should* be—that he should carefully investigate the materials that suggest that a cause probably or potentially exists." *First Trust Nat'l Ass'n*, 220 F.3d at 337 (emphasis in original). Here, the undisputed record is replete with evidence showing that Beta, at the very least, should have been on notice that a cause of action might exist in 2002. In the fall of 2002, State knew that Hayden was working for Beta. State also knew that Beta was suddenly working in Mississippi through Hayden, though Beta previously had no presence in the state. In August 2002, a State sales manager

---

constitutes an extraordinary circumstance justifying a departure from our general waiver rule. As we concluded in *Barnes,* the Mississippi Supreme Court had repeatedly noted that a cause of action accrues under § 15-1-49 when the injury is discovered or could reasonably have been discovered. *See Barnes,* 534 F.3d at 360 (citing *Owens-Illinois, Inc. v. Edwards,* 573 So. 2d 704, 709 (Miss. 1990) and *Schiro v. Am. Tobacco Co.*, 611 So.2d 962, 965 (Miss.1992), for this proposition). Accordingly, State should have been on notice when it filed this lawsuit that to defeat summary judgment it would have to show that it discovered its *injury* within the limitations period.

visited a State customer that Hayden was prohibited from contacting and was shown current contracts for the sale of Beta products that Hayden had entered on Beta's behalf. When State deposed Hayden in September 2002, it discovered that in June 2002 Hayden submitted a sales contract he had signed on Beta's behalf to a customer he was barred from contacting under the consent judgment and employment agreement. After the September judgment and order was issued, a State representative learned that Hayden was continuing to visit State customers to attempt to make sales for Beta. This representative admitted he suspected Hayden was still selling to the prohibited accounts after the September consent judgment. These undisputed facts show that Beta had knowledge prior to February 8, 2004 that Hayden was misusing its confidential information in violation of the consent judgment and sharing that information with Beta, and accordingly State should have been on notice that a cause of action existed against Beta. Since the business tort claims therefore accrued more than three years prior to the date State filed this suit, we hold that those claims are barred by the statute of limitations.

B

Next, we consider whether the district court correctly granted summary judgment on the contempt claim. The district court concluded that since Beta was not a party to the lawsuit in which the consent judgments were entered, Beta could not be found to have failed to comply with those orders. State argues that this was erroneous because under the Federal Rules of Civil Procedure, in some situations consent judgments can be binding on non-parties who act in concert with a party. *See* FED. R. CIV. P. 65(d)(2). For the following reasons, we vacate the district court's grant of summary judgment on the contempt claim, and remand for further proceedings consistent with this opinion.

Rule 65 controls injunctions and restraining orders issued by federal courts; specifically, it describes the required content and enumerates the

individuals bound by the injunction. *See* FED. R. CIV. P. 65(d)(1)&(2). Though the consent judgment at issue in this case is not explicitly labeled an injunction, we have observed that "where [a] consent judgment involves an injunction or similar equitable relief, the injunction . . . will be enforced as any injunction is enforced." *See SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (internal quotation and citation omitted). Here, the consent judgment entered by the court in September 2002 as a result of the settlement between State and Hayden is clearly injunctive in nature. It required Hayden to abide by the terms of the employment agreement and prohibited him from contacting particular State accounts for eighteen months. The consent judgment makes clear that the district court retained jurisdiction to enforce it, further indicating the consent judgment's injunctive nature. Therefore, we conclude that since the consent judgment involves an injunction it should be "enforced as any injunction is enforced," and Rule 65 accordingly governs the persons bound by it.

Under Rule 65, an injunction binds the parties as well as the parties' officers, agents, servants, employees, attorneys, and "other persons who are in active concert or participation" with any of the previously listed persons—so long as the persons claimed to be bound received "actual notice of [the injunction] by personal service or otherwise." *See* FED. R. CIV. P. 65(d)(2); *see also Waffenschmidt v. MacKay,* 763 F.2d 711, 717 (5th Cir. 1985) ("An injunction binds not only the parties subject thereto, but also nonparties who act with the enjoined party."). The district court in this case, however, failed to consider whether the consent judgment was binding on Beta under Rule 65(d)(2)(C), as a "person[] in active concert or participation with" Hayden, a party to the consent judgment. Accordingly, we conclude that the district court's conclusion that Beta was not required to do, or refrain from doing, anything under the consent judgment was in error. On remand, the district court should determine whether the undisputed facts indicate that Beta received actual notice of the

injunction and that Beta was in "active concert or participation" with Hayden in violating the consent judgment, as required by Rule 65. If the undisputed facts do so indicate, Beta could be found in contempt of the consent judgment.

However, Beta argues that the summary judgment was nonetheless proper because the contempt claim, like the business tort claims, is barred by the three-year statute of limitations. Further, Beta claims that the doctrine of laches bars State from bringing the contempt claim. As the district court did not consider either of these issues, the record is insufficiently developed at this point to determine whether there are any disputed issues of material fact with relation to these arguments. The district court should consider these arguments on remand if it determines that the consent judgment was binding on Beta under Rule 65(d)(2)(C).

IV

We AFFIRM the district court's grant of summary judgment on State's claims of conspiracy to breach contract, tortious interference with business relations, misappropriation of confidential information, and violation of the Mississippi trade secret statute. We VACATE the portion of the district court's order granting summary judgment on State's claim that Beta was in contempt of the consent judgment and order, and REMAND for further proceedings consistent with this opinion.