# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

No. 10-31107
Summary Calendar

Lyle W. Cayce
Clerk

JENNIFER M. MEDLEY,

Plaintiff–Appellant

v.

DEPARTMENT OF JUSTICE OF THE STATE OF LOUISIANA,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4570

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jennifer M. Medley appeals the district court's grant of summary judgment in favor of her former employer, the Louisiana Department of Justice ("LDOJ"), on Medley's claim that the LDOJ discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964. For the reasons stated below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31107

## I.

Medley, who is a black woman, graduated from law school in May 2002. She was admitted to practice law in Louisiana in October 2002. In June 2004, she was hired by the LDOJ as an Assistant Attorney General at a starting salary of $40,000 per year. She held this job until September 2009, when she voluntarily resigned in order to accept other employment. From the time of her hiring until April 2008, she received several favorable performance evaluations and five across-the-board pay increases, raising her annual salary to $50,000. In April 2008, Medley submitted a written request for a cost-of-living salary increase to $60,000 per year. She did not receive the requested increase.

In November 2008, Medley complained to the EEOC that the LDOJ was paying her less than similarly situated white employees. After the EEOC issued a Notice of Right to Sue letter, Medley filed this lawsuit, alleging race discrimination, among other claims.[1] She presented evidence showing that in early 2008, the LDOJ had given a white attorney named Phyllis Glazer a merit raise of $5,000. Glazer was a former LDOJ law clerk who had been hired as a permanent Assistant Attorney General in October 2005 after graduating from law school. As a result of her pay raise, Glazer was paid more than Medley, even though they both held similar positions and Glazer had been a practicing attorney for fewer years than Medley.

The LDOJ filed a motion for summary judgment, asserting that it had awarded the merit raise to Glazer because she had received a competitive outside job offer. The district court granted the motion, reasoning that although

---

[1] Medley also brought claims for gender discrimination, retaliation, hostile work environment, and constructive discharge, all of which were dismissed on summary judgment. Medley does not appeal those dismissals.

2

No. 10-31107

Medley had succeeded in establishing a prima facie case of race discrimination by identifying at least one similarly situated white employee (i.e., Glazer) who had been paid more than she had, she had nonetheless failed to demonstrate that the LDOJ's proffered reason for its conduct (i.e., Glazer's job offer) was a pretext for race discrimination. Accordingly, the district court dismissed Medley's claims. Medley appeals.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir. 2009) (citation omitted). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). For the purposes of a summary-judgment determination, all fact questions are viewed in the light most favorable to the nonmovant. *Floyd*, 581 F.3d at 248 (citation omitted).

Because Medley's race-discrimination claim is based on circumstantial evidence, we analyze the claim under the burden-shifting framework first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under this framework, a Title VII plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. *Pratt v. City of Hous., Tex.*, 247 F.3d 601, 606 (5th Cir. 2001) (citation omitted). The LDOJ does not dispute that Medley, by identifying Glazer, has established a prima facie case of race discrimination. Once the prima facie case has been established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *Id.* (citation omitted). If such a showing is

No. 10-31107

made, the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext for discrimination. *Id.* (citation omitted).

Medley makes two arguments on appeal. First, she argues that the district court erred in concluding that the LDOJ had articulated a legitimate, nondiscriminatory reason for its conduct because the LDOJ did not offer any evidence supporting its proffered reason that it gave Glazer the $5,000 merit raise in order to keep Glazer from accepting an outside job offer. But, Medley failed to raise this argument below; her response in opposition to the LDOJ's motion for summary judgment did not discuss the LDOJ's proffered reason for giving Glazer the $5,000 pay raise, much less object to the sufficiency of the evidence supporting that reason. Thus, because she has not demonstrated "extraordinary circumstances," she has waived her right to raise this argument on appeal. *See State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'") (citing *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)).

Alternatively, Medley argues that the district court erred in awarding summary judgment to the LDOJ on the third step of the *McDonnell Douglas* analysis. She contends that she introduced sufficient evidence to create a genuine dispute of material fact as to whether the LDOJ's proffered reason for paying Glazer more than Medley was a pretext for discrimination. She points to three pieces of record evidence. The first is the assertion in her sworn declaration that when she submitted her request for a salary increase, she was told that the LDOJ "did not have any money," even though Glazer had just

No. 10-31107

received a $5,000 raise.  The second is a video recording of the testimony of Renee Free, LDOJ Director of Administrative Services, before a Louisiana Senate committee, wherein Free stated that the LDOJ did not give merit pay raises in 2008 because of budget constraints.  The third is statistical evidence showing that on December 31, 2006, August 14, 2009, and January 31, 2010, black assistant attorney generals were, on average, paid less than white assistant attorney generals.

This evidence is not particularly probative.  Medley's assertion in her self-serving declaration is vague and unsubstantiated; she does not identify who made the statement that the LDOJ "did not have any money" or when it was made.  *See VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) ("[A] party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.").  Regarding Free's testimony, Medley has not explained why a statement about *merit* raises is relevant to Medley's request for a *cost-of-living* increase.  In addition, neither statement disproves the LDOJ's proffered reason for the discrepancy between Glazer and Medley—that Glazer received her pay raise because she received a competitive outside job offer.  Thus, to the extent that either statement is, as Medley argues, "inconsistent" with the LDOJ's proffered reason, that inconsistency is minor at best.

As for Medley's statistical evidence, it is so flawed that it is almost meaningless.  For one, the evidence only purports to show average salaries for 2006, 2009, and 2010—but not 2008, which is when Glazer received her merit raise and Medley was denied her requested salary increase.  Further, the analysis fails to account for several major variables that undoubtedly have a significant impact on the reasons for the salary discrepancies in this case,

No. 10-31107

including education, past work experience, and length of job tenure.  These missing variables are not included in the evidence in other respects.

In *Bazemore v. Friday*, the Supreme Court held that the failure of a plaintiff's statistical analysis to incorporate "all measurable variables" affects the weight, but not the admissibility, of the statistical analysis.  478 U.S. 385, 400 (1985); *see also Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 547 (5th Cir. 2001) (applying *Bazemore* to a Title VII disparate-treatment suit).  *Bazemore* did not hold, however, that *any* statistical analysis, no matter how many critical variables are missing, should automatically present a jury question. *See Bazemore*, 478 U.S. at 400 n.10 (noting that there are "some regressions so incomplete as to be inadmissible as irrelevant").  Rather, the Court ruled that in the usual case, the statistical analysis at issue should be evaluated in light of all the evidence presented by the parties as well as in light of the plaintiff's ultimate burden to prove by a preponderance of the evidence that she was the victim of discrimination. *Id.* at 400–01.

In this case, the statistical analysis is deeply flawed, and the other evidence of discrimination—the disparity in pay between Medley and Glazer, and the two "inconsistent" statements—is weak as well.  Accordingly, we find that no reasonable juror could find, on the basis of the record in this case, that Medley has satisfied her burden of proof, and thus we conclude that she has failed to create a genuine dispute of material fact.

**III.**

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the LDOJ.

AFFIRMED.

6