# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2013

No. 12-60738
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM SKINNER,

Plaintiff–Appellee,

v.

MILTON REED, Deputy, in his individual capacity; LURENZA CLINCY, Deputy, in her individual capacity,

Defendants–Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-358

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendants–Appellants Milton Reed and Lurenza Clincy (collectively, the Deputies) filed this interlocutory appeal of the district court's denial of their motion for summary judgment with respect to Plaintiff–Appellee William Skinner's claim that the Deputies failed to protect him from inmate violence while Skinner was held in pretrial detention at the Hinds County Detention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60738

Facility in Raymond, Mississippi. The Deputies sought summary judgment on the basis of qualified immunity.

We must first determine our jurisdiction over this interlocutory appeal. "Normally, we do not have appellate jurisdiction to review a district court's denial of a motion for summary judgment because such [an order] is not a final one within the meaning of 28 U.S.C. § 1291."[1] There is a narrow exception to this rule in the context of absolute or qualified immunity.[2] "In such a case, we possess appellate jurisdiction over the interlocutory appeal because the claim in question is separate from the underlying merits of the case and therefore fits within the collateral order exception laid out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)."[3] Even then, however, our jurisdiction is circumscribed. We may review the district court's denial of a motion for summary judgment on immunity grounds only to the extent that the denial turns on an issue of law.[4] Put otherwise, we may evaluate only the district court's conclusions regarding the materiality of the facts.[5] By contrast, we may not review a summary judgment order that "determines only a question of 'evidence sufficiency.'"[6]

---

[1] *Lemoine v. New Horizons Ranch & Ctr.*, 174 F.3d 629, 633 (5th Cir. 1999).

[2] *E.g.*, *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 392 (5th Cir. 2000).

[3] *Lemoine*, 174 F.3d at 633.

[4] *E.g.*, *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009) (citing *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004)).

[5] *E.g.*, *id.* (citing *Wagner v. Bay City, Tex.*, 227 F.3d 316, 320 (5th Cir. 2000)).

[6] *Johnson v. Jones*, 515 U.S. 304, 313 (1995); *see also id.* at 308, 320 (holding that an argument that a qualified-immunity summary-judgment denial "was wrong because the record contained not a scintilla of evidence . . . that one or more of [the defendants] had ever struck, punched or kicked the plaintiff, or ever observed anyone doing so" could not be considered on interlocutory appeal (first alteration in original) (internal quotation marks omitted)).

No. 12-60738

Each of the arguments contained in the Deputies' initial brief in this court is directed at the sufficiency of the evidence rather than the materiality of the facts. We are therefore without jurisdiction to consider them in this appeal.

The Deputies first allege that "there is no evidence . . . regarding whether the altercation was the result of something Skinner said or did, or whether the altercation was merely a random act that could not be foreseen by the[] [Deputies]." This argument is apparently directed at the district court's conclusion that there was a genuine issue of fact regarding "whether [the Deputies] recognized a substantial risk to leaving Skinner in a general-population cell without supervision long enough to suffer harm" given their knowledge that he was in a combative state and intoxicated. Since the Deputies' argument goes to the sufficiency of the evidence rather than the materiality of the facts found by the district court, we have no jurisdiction to evaluate it on interlocutory appeal.

The Deputies next argue "there is . . . no evidence . . . that the[] [Deputies] watched Skinner as he was in an altercation with another inmate or allowed the altercation to occur." This contention is apparently aimed at the district court's conclusion that there was a genuine issue of fact with respect to whether the Deputies "acted immediately to protect Skinner" or instead "intentionally left [Skinner] in a cell long enough to suffer abuse." We are without jurisdiction to consider this argument since it is directed at the sufficiency of the evidence.

The Deputies finally argue that to prove his claim, Skinner must show that "he suffered an injury caused by a substantial risk of serious harm"; they assert that "[t]his proof of causation is lacking in the evidence." We need not address this contention for two reasons. First, as with the Deputies' first two evidence-sufficiency arguments, we have no jurisdiction to consider it on interlocutory appeal. Second, the Deputies did not present this argument to the

3

No. 12-60738

district court in their motion for summary judgment. It is familiar law that arguments not presented below are waived on appeal.[7]

We acknowledge that certain of the arguments contained in the Deputies' reply brief come closer to raising the sort of legal arguments properly considered on interlocutory appeal. Like issues not raised below, however, arguments made for the first time in a reply brief are waived.[8]

*     *     *

APPEAL DISMISSED.

---

[7] *E.g.*, *State Indus. Prods. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (citing *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996) (per curiam)).

[8] *E.g.*, *Linbrugger v. Abercia*, 363 F.3d 537, 541 n.1 (5th Cir. 2004).

4