# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50490
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2014

Lyle W. Cayce
Clerk

COLETTE CUSTER,

Plaintiff-Appellant

v.

WELLS FARGO BANK, N.A.,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-56

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Colette Custer ("Custer") appeals the district court's grant of summary judgment for Wells Fargo Bank, N.A. ("Wells Fargo"). For the following reasons, we AFFIRM the judgment for Wells Fargo.

In October 2005, Custer and Shane Streetman borrowed money from Wells Fargo to purchase property in Pflugerville, Texas. In signing the promissory note, Custer agreed that, "If Borrower defaults by failing to pay in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50490

full any monthly payment, then Lender may . . . require immediate payment in full of the principal balance remaining due and all accrued interest." The Note was secured by a Deed of Trust with a similar authorization and the additional provision: "If Lender requires immediate payment in full [in default], Lender may invoke the power of sale and any other remedies permitted by applicable law." Custer stopped making monthly payments on the Note in 2010 and made multiple requests to modify the loan, which were denied. Custer was offered a forbearance agreement, which temporarily permitted her to make reduced payments on the loan. After the forbearance period ended, Wells Fargo sent Custer a notice of default and required payment in full of the Note. Custer failed to pay the Note in full and was notified that the property would be sold at a foreclosure sale in October 2011. At the foreclosure sale, Wells Fargo purchased the property.

Custer filed suit in state district court. Wells Fargo removed the case to federal court based on diversity jurisdiction. Custer alleged claims for: (i) violation of Section 51.002 of the Texas Property Code (alleged failure to give notice of the foreclosure sale); (ii) breach of the forbearance agreement; (iii) violations of the Texas Deceptive Trade Practices Act; (iv) violations of the Texas Debt Collection Practices Act; (v) promissory estoppel; (vi) common law claim for unreasonable collection efforts; (vii) negligence; and (viii) negligent misrepresentation. Wells Fargo moved for summary judgment on all of Custer's claims. After reviewing the parties' pleadings and the evidence, the magistrate judge recommended that the district judge grant Wells Fargo's motion. The district court ordered that the report and recommendation be accepted, and final judgment was entered. Custer timely appealed.

On appeal, Custer raises two primary issues: (1) whether Wells Fargo was the lender at the time of foreclosure and could enforce the Note; and (2) whether, Wells Fargo, as a servicer and not a lender at the time of

No. 13-50490

foreclosure, could enforce the Note. Custer did not raise either of these arguments in the district court. Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate "extraordinary circumstances." *See, e.g., In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010); *State Indus. Prods. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009). Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Beta Tech..*, 575 F.3d at 456 (citation omitted). Here, Custer has failed to argue that a miscarriage of justice would result from our failure to consider her arguments on appeal. *Id.* (noting that the burden to establish extraordinary circumstances is on the party seeking review). Accordingly, we decline to consider these arguments for the first time on appeal.

Custer claims that she has been furnished with new evidence since the district court's order that conclusively shows that Wells Fargo was not the lender, nor the holder in due course of the Note. Following our general rule, we decline to consider this new evidence furnished for the first time on appeal and to consider facts which were not before the district court at the time of the challenged ruling. *See Theroit v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Great Plains Equip., Inc. v. Koch Gathering Sys., Inc.,* 45 F.3d 962 (5th Cir. 1995).

The district court's judgment is **AFFIRMED**.

3