# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2020

Lyle W. Cayce
Clerk

No. 19-51099

Sayers Construction, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Timberline Construction, Incorporated; High Voltage,
Incorporated,

*Defendants—Appellees*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-325
USDC No. 6:19-CV-487

Before Smith, Clement, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

The question presented is whether a federal district court in Texas had jurisdiction to vacate an arbitration award in Florida. The district court said no. We agree and affirm.

I.

In 2015, Florida Power & Light Company hired Sayers Construction, L.L.C. to work on electrical utility lines in the State. Sayers then hired Timberline Construction, Inc., a South Dakota corporation, and High

No. 19-51099

Voltage, Inc., a Utah corporation, as subcontractors on the project. The parties formalized their relationship in a Master Services Agreement. Although High Voltage did not execute the Agreement, no one disputes that High Voltage is equally bound by its terms.

Pursuant to the Agreement, Timberline and High Voltage picked up work orders from Sayers at its Florida offices and then performed fieldwork in Florida. After completing work, Timberline and High Voltage sent invoices to Sayers in Texas. Sayers then paid the subcontractors within 45 days of receiving an invoice.

Sayers eventually stopped paying its invoices, so Timberline and High Voltage stopped performing work. The subcontractors then filed an arbitration demand with the American Arbitration Association ("AAA"). An arbitrator in Florida eventually found in favor of Timberline and High Voltage, awarding them damages and fees.

Sayers filed suit in the Western District of Texas seeking to vacate the arbitration award under state law.[1] Timberline and High Voltage filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), (b)(3), and (b)(5), as well as under the *Colorado River* abstention doctrine. The court dismissed the suit for lack of personal jurisdiction over the subcontractors.

---

[1] In its pleadings, Sayers invoked the Western District's diversity jurisdiction under 28 U.S.C. § 1332. As an LLC invoking federal diversity jurisdiction, Sayers bore responsibility for alleging the citizenship of each of its members to establish complete diversity. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). Our review of the record indicates that Sayers failed to meet that obligation. Ordinarily that would require us to dismiss the action. *See id.* at 314. Because we resolve this case on other jurisdictional grounds, however, we need not reach the adequacy of Sayers's pleadings on this point. *Cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("[T]here is no unyielding jurisdictional hierarchy. . . . [T]here are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.").

Sayers timely appealed. Our review is *de novo. Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019).

## II.

Jurisdiction is power. And the Due Process Clause limits the jurisdiction of state courts to exercise power over out-of-State defendants. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877).

Of course, this case turns on whether a *federal* (not state) court in Texas can exercise power over out-of-State defendants. But the distinction does not matter because, in general, federal courts can exert power only over out-of-State defendants that are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A). Here, Texas gives its courts of general jurisdiction all of the power allowed by the Due Process Clause. *See* TEX. CIV. PRAC. & REM. CODE § 17.042. "Thus, in order to determine whether the Federal District Court in this case was authorized to exercise jurisdiction over [the subcontractors], we ask whether the exercise of jurisdiction comports with the limits imposed by federal due process on the State of" Texas. *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotation omitted).

The Due Process Clause imposes several limitations that are relevant to personal jurisdiction. But only one is relevant here—namely, whether the subcontractors had "minimum contacts" in Texas such that a Texas court could exercise specific personal jurisdiction over them. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To determine whether the subcontractors had such "minimum contacts," we ask whether they "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *accord World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980).

The "purposeful availment" requirement protects defendants from being summoned to a forum where they have only "random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). To that end, our inquiry focuses on "actions by the defendant . . . that create a substantial connection with the forum State." *Ibid.* (quotation omitted). In breach-of-contract disputes, the analysis turns on a "highly realistic" assessment of the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 479. A touchstone of this analysis is the "place of contractual performance." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (finding no "minimum contacts" with Texas in part because performance of the contract was centered in Oklahoma).

Here, the place of contractual performance was Florida—not Texas. But Sayers says four other facts are nonetheless sufficient to establish a *prima facie* case of specific personal jurisdiction over the subcontractors in Texas: (1) Timberline solicited a business relationship with Sayers in Texas; (2) Timberline and High Voltage contracted with Sayers, which has an office in Texas; (3) Timberline and High Voltage mailed invoices to Sayers's office in Texas; and (4) the parties' contract has a Texas choice-of-law clause.

Fact (1) does not constitute purposeful availment. Sayers's solicitation allegations are unclear. But the gist appears to be that two individuals—Dan Reid and Tom Duffy—solicited Sayers for employment in Texas. Sayers said no. Then Reid and Duffy went to work for Timberline. And when Timberline solicited Sayers for the Florida project, Sayers said yes. Reid and Duffy are irrelevant because the "unilateral activity of a third party" cannot establish minimum contacts on behalf of a corporate defendant. *See Walden*, 571 U.S. at 291 (quotation omitted). And any

solicitation by Timberline is equally irrelevant because it establishes, at most, a relationship between Timberline and Sayers—not Timberline and *Texas*. *See id.* at 285–86; *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 823 (8th Cir. 2014).

Facts (2) and (3) also do nothing to establish purposeful availment. We have held: "[M]ailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish . . . minimum contacts . . . ." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004); *see also Halliburton*, 921 F.3d. at 544. These sorts of contacts are particularly insufficient to satisfy the Due Process Clause when all of the work is performed outside the forum State. *See Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985).

That leaves Sayers with fact (4): the parties' agreement contains a Texas choice-of-law clause. While such clauses can be probative of purposeful availment, they're never dispositive. *See Hanson*, 357 U.S. at 254 ("The issue is personal jurisdiction, not choice of law."); *see also Burger King*, 471 U.S. at 481–82; *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012).

But the choice-of-law clause in the Master Services Agreement does not suggest the parties expected to resolve their disputes in Texas. That's because the same Agreement also required that arbitration take place in accordance with the AAA's venue-selection rules—*i.e.*, as close as possible to the project in Florida. So to the extent the Agreement is probative of the parties' expectations regarding venue, it cuts *against* finding personal jurisdiction in Texas.

The parties' course of dealing cuts the same way. *See Burger King*, 471 U.S. at 479 (noting relevance of "the parties' actual course of dealing"). Timberline, High Voltage and Sayers contracted for work on a project in Florida. After Sayers allegedly failed to pay its subcontractors' invoices, the parties met in Florida to discuss the dispute. Then they arbitrated the dispute in Florida. And Florida's courts have determined that Florida is a proper venue for Timberline and High Voltage to seek enforcement of the arbitration awards. *See Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, No. 3D19-2373, 2020 WL 3443268 (Fla. Dist. Ct. App. June 24, 2020).

In short, this is Florida's problem. Not Texas's.

AFFIRMED.[2]

---

[2] Our disposition obviates the need to consider other arguments raised by the parties. Because we conclude that Sayers has failed to establish a *prima facie* case of personal jurisdiction, we need not decide whether exercising personal jurisdiction over Timberline and High Voltage would comport with "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (quotation omitted). Because we resolve this case on jurisdictional grounds, we need not reach the subcontractors' argument that we can affirm the judgment on the basis of *Colorado River* abstention. Because the subcontractors did not cross-appeal the district court's without-prejudice dismissal, we cannot consider whether the case should be dismissed *with* prejudice for Sayers's violation of the FAA's service-of-process rules. *See* 9 U.S.C. § 12; 15A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3904, at 196–98 (2d ed.) (1991) ("The rule that a cross-appeal must be filed to secure a favorable modification of the judgment is stated and applied in many settings. As shown by common examples an appellee cannot, without cross-appeal, seek . . . to convert a dismissal without prejudice into a dismissal with prejudice."). And because Sayers *opposed* transferring this action when it was pending in the district court, we will not consider its new argument that we should transfer it under 28 U.S.C. § 1406. *Cf. State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (generally refusing to review arguments raised for the first time on appeal).