# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2021

Lyle W. Cayce
Clerk

No. 20-11075

Paul Stafford; Telea Stafford,

*Plaintiffs—Appellants*,

*versus*

Wilmington Trust National Association, *not in its individual capacity but solely as trustee for* MFRA Trust 2014-2 Servicing; Fay Servicing, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-3274

Before Higginbotham, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

After defaulting on their mortgage payments, Paul and Telea Stafford sued their lender in an attempt to stave off a foreclosure. They contend that the lender breached the loan agreement by (1) sending a notice of default that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11075

did not correspond to the date of default and (2) failing to send the notice of acceleration to Paul Stafford's correct address. The district court granted summary judgment for the defendants.[1] We affirm.

The Staffords first challenge the timing of the notice of default and the apparent date of default. Before the district court, they raised this argument ambiguously, if at all. Generally, arguments not raised before the district court are waived. *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009). In any event, the argument fails. The lender sent the notice of default on January 15, 2015. However, the lender later indicated that the loan entered default in April 2015. The Staffords argue that they could not have received notice in January of a default that did not occur until April. The January notice, they contend, was thus ineffective. Though logical on its face, the Staffords' argument ignores important context. It is undisputed that the Staffords defaulted on the loan in December 2014. They then made partial payments, which the lender applied to the loan. As a result, the contractual due date for the accelerated loan was April 1, 2015. The Staffords don't contest the lender's authority to apply the partial payments to the loan instead of to cure the December 2014 default. And the Staffords provide no support for their contention that they should have received an additional notice of default after April 2015.

The Staffords next argue that the lender sent the notice of acceleration to Paul Stafford at the wrong address, rendering it ineffective. The lender sent the notice of acceleration to the mortgaged property in October 2018. But Paul Stafford had not resided at that address since 2013. And the lender

---

[1] The district court also granted summary judgment for the lender on the lender's counterclaim. By failing to address the counterclaim until their reply brief, the Staffords have waived any challenge to it. *Dixon v. Toyota Motor Credit Corp.*, 795 F.3d 507, 508 (5th Cir. 2015) ("Arguments raised for the first time in a reply brief are waived.").

No. 20-11075

had knowledge of his new address—it sent the January 2015 notice of default to him there. The Staffords therefore argue that the lender should have sent the October 2018 notice of acceleration to his new address, rather than to the address of the mortgaged property where he had not resided for years. Practically, yes. Legally, no. Texas law required the lender to serve Paul Stafford at his "last known address." TEX. PROP. CODE § 51.002(e). And "for a debt secured by the debtor's residence," the "last known address" is statutorily defined as "the debtor's residence address unless the debtor provided the mortgage servicer a written change of address before the date the mortgage servicer mailed a notice required by Section 51.002." *Id.* § 51.0001(2)(A). There is no evidence in the record that Paul Stafford provided the lender or loan servicer with a written change of address. That they had his new address is of no legal consequence.

AFFIRMED.