# United States Court of Appeals
# for the Fifth Circuit

No. 22-50737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2023

Lyle W. Cayce
Clerk

Keith Eubanks,

*Plaintiff—Appellant*,

*versus*

Endeavor Energy Resources, L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-61

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Keith Eubanks brings a Texas Labor Code and ADA retaliation claim against Endeavor, his former employer. The district court granted summary judgment for Endeavor because Eubanks had not shown a material factual dispute concerning whether Endeavor's stated reasons were a pretext for retaliation. Eubanks appeals. We AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50737

On February 21, 2020, Plaintiff-Appellant Keith Eubanks was terminated from his employment with Defendant-Appellee Endeavor Energy Resources, L.P. ("Endeavor") by his supervisor, Mark Webster. On April 8, 2021, Eubanks filed a complaint alleging his termination was retaliatory and in violation of Chapter 21 of the Texas Labor Code[1] and the Americans with Disabilities Act ("ADA").[2] Specifically, Eubanks alleged that Endeavor terminated his employment because he "complained of discrimination, and/or . . . engag[ed] in protected activity." In a subsequent filing, Eubanks clarified that the allegedly discriminatory events at issue included Webster's comments regarding an employee's colorblindness, Eubanks's hearing loss, and another employee's obesity. Eubanks's alleged protected activity was asking Webster to stop making these comments on January 24, 2020, roughly one month prior to his February 21 termination.

On July 16, 2022, the district court granted Endeavor's motion for summary judgment. It held that Eubanks had established a *prima facie* case of retaliation, that Endeavor had put forth a legitimate, non-discriminatory reason for its actions, and that Eubanks had failed to meet his burden of showing a genuine dispute of material fact about whether Endeavor's stated reasons for his termination were pretexts for retaliation. Eubanks timely appeals.

We review *de novo* a grant of summary judgment and apply the same standards as the district court. *Yogi Metals Grp., Inc. v. Garland*, 38 F.4th 455,

---

[1] On appeal, Eubanks does not pursue reversal of summary judgment on his retaliation claim as it arises under the Texas Labor Code.

[2] Additionally, because the same burden-shifting framework is applicable to claims under both Title VII and the ADA, we cite cases involving Title VII claims when analyzing claims under either statute where relevant and applicable. *See Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing both Title VII and ADA cases when discussing a claim of retaliation under the ADA).

No. 22-50737

458 (5th Cir. 2022). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view the evidence and draw all inferences in a light most favorable to the nonmovant; however, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003).

"The ADA prohibits an employer from 'discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303–04 (5th Cir. 2020) (alterations in original) (quoting 42 U.S.C. § 12203(a)). When a plaintiff, as here, presents indirect evidence of retaliation,[3] we apply the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework,

> [t]o establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. If the

---

[3] Eubanks argues on appeal that Webster's February 11, 2020 comment that Webster would "always be on guard, and this is no way to work" constitutes direct evidence that Eubanks's termination was motivated by retaliation. But this argument was not raised in the district court, and it is thus waived. *See State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009).

Eubanks unpersuasively argues this argument was not waived. Although he did mention these comments in a filing, they were mentioned as part of Webster's list of complaints about Eubanks's job performance. Eubanks did not clearly argue that these comments were direct evidence of retaliation, and none of the direct evidence-related authorities cited in his appellant brief were cited in his arguments in the district court.

employee establishes a prima facie case of retaliation, the employer must come forward with a legitimate, nondiscriminatory reason for its action. If the employer meets its burden of production, the employee must then demonstrate that the proffered reason is a pretext for retaliation. "Ultimately, the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred."

*Lyons*, 964 F.3d at 304 (footnotes omitted) (quoting *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 349 (5th Cir. 2019)).

Eubanks has shown a *prima facie* case of retaliation when considering the evidence in a light most favorable to him. He opposed Webster's comments regarding various employees' disabilities, which is a protected activity, and his termination is an adverse employment action. *See* 42 U.S.C. § 12203 (prohibiting discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]"). The temporal proximity between the protected activity on January 24 and his termination on February 21 is close enough to establish causation. *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948–49 (5th Cir. 2015) ("[T]emporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage. . . . Given this precedent, the six-and-a-half-week timeframe between Porter's testimony and the denial of her rescission is sufficient to satisfy the prima facie case of causation."). Endeavor then came forward with a nondiscriminatory reason for Eubanks's termination, *i.e.*, his poor performance. The record shows that Eubanks, *inter alia*, did not "plan or communicate well" and failed to follow through on projects.

Eubanks then has the burden of showing a genuine dispute of material fact as to whether Endeavor's stated reason for termination was pretextual. He fails to meet this burden. He first argues that comments can constitute evidence of pretext if they indicate discriminatory animus and are made by the person responsible for termination. He argues that such bias or animus is present in Webster's comments that he would "always be on guard," that he wanted to get Eubanks "out of production," and that he did not want to put Eubanks on a performance improvement plan. Eubanks argues that these comments show that Endeavor's stated termination reason—performance issues—was pretextual. We disagree. In context, these comments are from Webster's notes where he was primarily documenting various criticisms of Eubanks's working style. These particular comments, read in their broader context, are straightforwardly related to Eubanks's performance, and Eubanks does not present any analysis or additional evidence as to why these comments indicate the kind of improper bias, animus, or motive serving as improper pretext for retaliation.

Next, Eubanks argues that he has shown a material factual dispute as to pretext because Endeavor's specific method of termination failed to follow company policies. But the record demonstrates that Endeavor followed established policies in terminating Eubanks. Eubanks contends that Endeavor should have put him on a performance improvement plan ("PIP"), but Endeavor's human resources department had previously stopped utilizing PIPs. And in any case, Endeavor's employee handbook specifically allowed Endeavor to change the order of disciplinary actions, eliminate disciplinary steps, or implement new disciplinary measures.

Eubanks's other arguments concerning pretext are without merit. Eubanks avers that Webster only began to compile evidence of Eubanks's poor performance after his January 2020 protected activity. But this contention is belied by the record, which shows Webster maintained records

of various instances of Eubanks's performance issues prior to Eubanks's protected activity. Eubanks's disagreements with how to interpret this evidence are insufficient to create a material factual dispute, *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) (noting that "merely disputing" a performance assessment will not create a material factual dispute), and are not "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Lindsey v. Bio-Med. Applications of La., L.L.C.*, 9 F.4th 317, 325–26 (5th Cir. 2021) (quoting *Watkins v. Tregre*, 997 F.3d 275, 283–84 (5th Cir. 2021)). And despite the close temporal proximity between his protected activities and his termination, Eubanks has not proffered other significant evidence of pretext that would otherwise point to a material factual dispute.

Ultimately, Eubanks has failed to create a genuine dispute of material fact as to whether his protected activities were the but-for cause of his termination. As noted above, Endeavor has provided ample evidence that Eubanks's termination was motivated by numerous examples of less-than-stellar job performance. Without more, temporal proximity between Eubanks's protected activities and his termination is insufficient to establish but-for causation. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (rejecting "the notion that temporal proximity standing alone can be sufficient proof of but for causation"). Eubanks argues that his protected activities were the but-for cause of his termination because, in his annual evaluation with Webster (prior to Eubanks's protected activity), Webster noted that Eubanks had shown improvement and suggested that Endeavor would continue to employ him. But this argument standing alone is insufficient to create a genuine material factual dispute concerning pretext in light of the extensive record of documented performance-related issues, both before and after this performance evaluation, that Endeavor credibly identifies as motivating its termination decision.

No. 22-50737

For the foregoing reasons, we AFFIRM.