# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2025

Lyle W. Cayce
Clerk

———————

No. 25-30274

———————

Aretha Virginia Wright,

*Plaintiff—Appellant*,

*versus*

J & J Properties of West Monroe, L.L.C.,

*Defendant—Appellee*.

———————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-517

———————————————

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Because the appellant failed to raise her sole issue on appeal before the district court and she has not shown extraordinary circumstances, we decline to consider it and AFFIRM the judgment of the district court.

I

J&J Properties of West Monroe LLC ("J&J") purchased "certain immovable property" (the "Property") in Tensas Parish, Louisiana and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30274

recorded the sale. The first known owner of the Property, Michael Johnson ("Johnson"), acquired it via patent from the United States in 1845 and sold it around the same time. Claiming to be a direct heir of Johnson, Aretha Wright ("Wright") filed a unilaterally executed Louisiana Quitclaim deed transferring any interest Johnson had in the Property to herself. She then sued J&J for ownership of the property as well as for damages. J&J moved for summary judgment and proffered an abstract of title based on public records that traced ownership of the Property from Johnson to J&J. Finding that Wright's "speculative and conclusory claims regarding her title's validity against J&J [did] not suffice to survive summary judgment," and there was no documentation in the public record of her interest in the Property before J&J purchased it, the district court dismissed her claims.

## II

On appeal, Wright argues that the district court erred by failing to consider Sections 12 and 13 of the Distributive Preemption Act of 1841, which bar assignments prior to the issuance of the patent and render Johnson's transfer of the Property in 1845 invalid. She also argues that by failing to account for the invalidity of the transfer under the Preemption Act of 1841, the district court misapplied Louisiana's Public Records Doctrine. Wright concedes that she did not raise any arguments based on the Preemption Act of 1841 before the district court but contends that extraordinary circumstances exist to consider her appeal.

"Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'" *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (quoting *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996), *overruled in part on other grounds by Green Valley Special Util. Dist. v. City of Schertz*,

969 F.3d 460 (5th Cir. 2020)). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.* The burden to show extraordinary circumstances is on the party raising the new issue. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009) (citing *N. Alamo Water Supply*, 90 F.3d at 916).

Wright first argues that application of the Preemption Act of 1841 "presents a pure question of statutory and historical federal law, the resolution of which does not depend on further factual development." But she later argues that resolving potential disputes over the validity of the 1845 sale, including "whether Johnson had capacity or whether the deed was properly executed" and whether the legal description in the deed matches the patent, "require[s] factual development." Where an "issue involves some underlying facts . . ., a miscarriage of justice would more likely result if we were to engage in appellate fact-finding." *Verdin v. C & B Boat Co., Inc.*, 860 F.2d 150, 155 (5th Cir. 1988).

Wright also contends that because the district court's judgment "rest[s] upon a *potentially* void conveyance under controlling federal law," a miscarriage of justice would result if we declined review. "[T]he merit of [Wright's] omitted claim is not so plain or obvious that our failure to consider it would result in manifest injustice." *Conley v. Bd. of Trs.*, 707 F.2d 175, 178 (5th Cir. 1983). Wright's conclusory assertions of exceptional circumstances are insufficient to meet her burden. *See AG Acceptance Corp.*, 564 F.3d at 701 (finding exceptional circumstances because general availability of attorney's fees under a particular statute was a pure question of law and the failure to reverse a fee award that "was patently erroneous in light of controlling precedent" would result in a miscarriage of justice).

No. 25-30274

Because Wright has failed to demonstrate that extraordinary circumstances exist, we follow our general rule and decline to address her sole argument on appeal.

AFFIRMED.