# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2010

No. 09-30664

Lyle W. Cayce
Clerk

RUFUS CRAYTON, JR.; MARGARET CRAYTON,

Plaintiffs - Appellants

v.

AMADEO ROSSI, S.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-7279

Before JONES, Chief Judge, KING, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rufus and Margaret Crayton ("the Craytons") appeal the district court's grant of summary judgment on their products liability claim and derivative actions stemming from an incident where Mr. Crayton's gun (manufactured by Rossi) discharged accidentally. The only issue before us is whether the Craytons have produced any evidence to prove the necessary element under Louisiana law that the defect that caused the accidental discharge existed at the time the product left Rossi's control in 1973. The district court concluded that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30664

Craytons had failed in their burden to produce any evidence to satisfy this element. We agree, and, accordingly, we AFFIRM the judgment of the district court.

## I. FACTUAL & PROCEDURAL BACKGROUND

The facts of this case, viewed in the light most favorable to appellants as the non-moving party, are as follows. Mr. Crayton purchased a Rossi-manufactured 12-gauge shotgun in 1979. The shotgun was produced in 1973 in Rossi's South American plant and then transported to the United States by the Garcia Corporation, an arms importer. The record is silent as to who owned the gun, where it was located, or how it was maintained during the six-year gap between the 1973 manufacture date and the 1979 purchase date. What is known, however, is that, during the intervening period, the shotgun was disassembled, nickle-plated, and reassembled by some unknown party other than Rossi.

On August 30, 2005, Mr. Crayton was seriously injured by the shotgun when it fell over and accidentally discharged. For the purposes of this motion, we accept as true that the accidental discharge was proximately caused by a malfunction in the right-side safety mechanism as identified by the Craytons' expert, A.J. McPhate.

Mr. Crayton and his spouse subsequently filed suit against several defendants, including Rossi. After all other defendants were dismissed from the suit, Rossi filed a motion for summary judgment which was granted. The Craytons timely appealed.

## II. STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo, applying the same standard as the district court. *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006). The inquiry "is limited to the summary judgment record before the trial court." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009)

2

(quotation marks omitted).  The court must view the evidence in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where, like here, "the burden at trial [as to the material fact at issue] rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case."  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citing *Celotex Corp.*, 477 U.S. at 322).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III. DISCUSSION

This appeal from a "no evidence"-based summary judgment presents only one issue on appeal: whether the district court erred in concluding that the Craytons failed to advance any evidence that the "characteristic of the product that render[ed] it unreasonably dangerous . . . exist[ed] at the time the product left the control of its manufacturer" pursuant to the requirements of section 9:2800.54(C) and (D) of the Louisiana Revised Statutes. The Craytons claim two pieces of record evidence support their position: the gun itself and the affidavit of their expert, A.J. McPhate.  We find that neither the gun nor the expert testimony is sufficient to create a genuine issue of material fact as to the origin of the defect that led to Mr. Crayton's injury.

First, regarding the gun itself, the Craytons contend that a simple comparison of the properly manufactured left firing mechanism and the defective right mechanism is sufficient to create a genuine issue of material fact as to whether the defect existed at the time the shotgun left the factory.  Even if one accepts that this evidence allows the Craytons to survive summary judgment on

No. 09-30664

the question of whether the shotgun is defective, it still does not provide any evidence that the defect existed at the relevant time. The mere presence of a defect more than 35 years after the stipulated manufacture date does not establish or give rise to a reasonable inference that the defect existed at the time of manufacture. A review of the photographs of the mechanism (or, as the district court concluded, a firsthand review and test of the gun) does not make clear, or even speak to, the origin of the defect – especially in light of the unaccounted for period of possession between 1974 and 1979. *See Allstate Ins. Co. v. Gen. Elec. Co.*, No. 00-0523, 2002 U.S. Dist. LEXIS 28255, at *6-8 (W.D. La. Mar. 6, 2002) (holding that a "break in the chain of custody" of a product precludes the court from relying upon an otherwise unsupported inference that an injury-producing defect existed at the time of manufacture); *see also Brunet v. Alcon Labs., Inc.*, No. 07-3618, 2008 U.S. Dist. LEXIS 31590, at *8 (E.D. La. Apr. 16, 2008) (accepting manufacturer's argument that proof an accident occured "fail[s] to offer any evidence that [a] product deviated in a material way from the its specifications at the time [the product] left [ the manufacturer's] control").[1] To allow implied satisfaction of the "manufacturer's control" element from the mere existence of a defect would read that element out of the statute. We decline to accept a construction of the statute at odds with its clear language.

The Craytons' expert affidavit similarly does not suffice to create a genuine issue of material fact. Mr. McPhate was retained for the sole purpose of assessing causation. His only contribution to the present discussion came in the form of an affidavit filed with the Craytons' response to Rossi's motion for

---

[1] The Craytons' argument seems at first blush to suggest they are proceeding on a theory of *res ipsa loquitor* at least with regard to the origin of the defect. Yet the Craytons admitted to the district court that they did not brief the *res ipsa* issue. Additionally, they have not briefed the *res ipsa* issue on appeal notwithstanding the fact that it was expressly discussed in the motion for summary judgment hearing below. Accordingly, any such argument has been waived. *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived.").

summary judgment and prepared well after the expert report was submitted. This secondary submission suffers from a fatal defect: it merely sets out a variety of conclusory allegations that are actually opinions devoid of an underlying factual basis and explanation. We have repeatedly rejected the use of expert affidavits in this way to create issues of material fact at the summary judgment stage. *See Hayter v. City of Mt. Vernon*, 154 F.3d 269, 274 (5th Cir. 1998) (holding that "affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment[,]" and that "[w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." (quoting *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991))); *Boyd v. State Farm Ins.*, 158 F.3d 326, 331 (5th Cir. 1998) ("It is a well established rule that without more than his credentials and a subjective opinion, an expert's testimony that a medical condition simply 'is so.' is not admissible."); *Yaquinto v. Segerstrom*, 247 F.3d 218, 227 (5th Cir. 2001) (rejecting expert evidence that consisted of a conclusive allegation as to cause). As the affidavit fails to provide any factual support for its conclusion that the shotgun was defective when it left Rossi's control, it does not satisfy the Craytons' burden.

As such, we find that the Craytons failed to adduce sufficient competent evidence to create a genuine issue of material fact as to whether the defect at issue existed at the time the product left Rossi's control in 1973.

## IV. CONCLUSION

For the reasons we set forth herein, we AFFIRM the district court's grant of summary judgment.