# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

VINCENT STAGLIANO; PEGGY STAGLIANO,

      Plaintiffs - Appellants

v.

THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI
CASUALTY COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2474

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

      This is a first-party insurance dispute over coverage for damage to commercial property allegedly caused by a hail storm. Plaintiffs-Appellants Vincent and Peggy Stagliano ("Plaintiffs") appeal from the district court's grant of summary judgment in favor of Defendants-Appellees The Cincinnati

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10137

Insurance Company and The Cincinnati Casualty Company (collectively, "Cincinnati"). We AFFIRM.

## I. BACKGROUND

The facts of this case are straightforward. Plaintiffs own a number of commercial properties in and around Dallas, and they obtained an insurance policy from Cincinnati protecting forty-eight of the properties from accidental loss or damage commencing during the policy period. The policy period ran from August 14, 2010, to August 14, 2011. On June 21, 2011, Plaintiffs submitted a claim to Cincinnati for damage to one of the properties that occurred as a result of a May 24, 2011 hail storm. Cincinnati paid the claim. Approximately one year and eight months later, Plaintiffs submitted claims for several other properties that they alleged were damaged in the same storm. Cincinnati denied these claims.

Plaintiffs then filed suit in Texas state court for breach of contract and on various other common-law and statutory grounds. Cincinnati removed the case to federal court, and the parties ultimately winnowed the properties to three and the claims to five: breach of contract, breach of the common-law duty of good faith, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Sections 541 and 542 of the Texas Insurance Code. Cincinnati moved for summary judgment on all claims, relying on the affidavit of Michael J. Sullivan, a Cincinnati property claims manager. Sullivan's affidavit stated that he inspected the roofs of the properties at issue and determined that they had taken hail damage from "multiple storms," some of which may have occurred after the expiration of Plaintiffs' insurance policy. Cincinnati thus argued that Plaintiffs could not establish that the damage to their properties was caused by a hail storm that took place within the policy period, and they

2

No. 15-10137

had no evidence to support their remaining claims.[1] In opposition to the motion for summary judgment, Plaintiffs submitted the expert affidavit of Thomas M. Shingler, a structural engineer who stated that he inspected one property at 2270 Valley View Lane ("The Valley View Property") and noted various indications of hail damage. Shingler concluded that "based on my background, experience and evaluation of the meteorological events relating to this matter, hail did in fact occur on May 24, 2011," and "such hail was consistent with such damages I personally observed."

The district court granted Cincinnati's motion for summary judgment, ruling that Shingler's expert affidavit was conclusory and unreliable and thus failed to create a genuine issue of material fact as to whether damage to any of the properties occurred during the policy period. The district court also noted that Plaintiffs had failed to produce any evidence, even in the form of conclusory affidavits, on their DTPA and Insurance Code claims. Plaintiffs now appeal, arguing that their proffered evidence created genuine issues of material fact on all claims with respect to the Valley View Property.

## II. DISCUSSION

"We review a grant of summary judgment de novo, applying the same standard as the district court" and "view[ing] the evidence 'in the light most favorable to the nonmoving party.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015) (citations omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that

---

[1] Cincinnati also argued that Plaintiffs' delay in filing their insurance claims caused it prejudice and relieved it of any duty to perform under the policy. The district court did not address this argument in its order, however, and because we affirm on the grounds relied on by the district court, we likewise need not address the issues of delay and prejudice.

3

a reasonable jury could return a verdict for the nonmoving party.'" *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015) (citation omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 135 S.Ct. 2804 (2015). When the nonmoving party will bear the burden of proof at trial, the moving party may satisfy this responsibility by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). "The burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis*, 765 F.3d at 484 (quoting *Celotex*, 477 U.S. at 323). Put another way, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 323. And in this regard, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

In the present case, Plaintiffs allege that Cincinnati breached their insurance contract by failing to pay for damage to the Valley View Property that occurred as a result of a hail storm within the policy period. And Texas law is clear that "[p]roof that the claimed losses occurred during the policy

period is an essential element of [an insured's] coverage claim on which it bears the burden of proof." *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993). Thus, Plaintiffs had to come forward with some evidence or indication that the damage to the Valley View Property was caused by the May 21, 2011 hail storm, and not another storm occurring outside the policy period, in order to defeat Cincinnati's motion for summary judgment. Plaintiffs attempted to meet this burden by offering the expert affidavit of Shingler; however, we agree with the district court that this affidavit was not sufficient to preclude summary judgment.

We have previously held that "[u]nconfirmed rumors of loss are insufficient" to create a fact issue as to whether the losses occurred during an insurance policy coverage period. *Martech*, 993 F.2d at 1200. In the same way, we think that a single conclusory expert affidavit, devoid of any factual support or explanation of the expert's basis for concluding that observed damage occurred as a result of a particular hail storm within the policy period, was insufficient to meet Plaintiffs' burden of "designat[ing] specific facts showing that there is a genuine issue for trial" on this essential element of their insurance contract claim. "[T]here is a level of conclusoriness below which an affidavit must not sink if it is to provide the basis for a genuine issue of material fact," *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 224 (5th Cir. 1991), and "unsupported [expert] affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Id.* at 225 (quoting *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)). In other words, "[w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so'" will not suffice. *Id.* (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)). We think that Shingler's affidavit in this case was little more than an allusion to his credentials, a recitation of the hail

damage observed, and a conclusory, "subjective opinion" that the damage resulted from a hail storm within the policy period. Accordingly, Shingler's affidavit was insufficient to create a genuine dispute of material fact on an essential element of Plaintiffs' claim, and because the only other evidence presented by Plaintiffs (damage estimates and a short email exchange between claims adjustors) shed no light on the inception of the damage, the district court properly granted summary judgment on Plaintiffs' breach of contract claim.[2]

Nevertheless, Plaintiffs argue that the amended affidavit they submitted with their motion to alter or amend the district court's judgment, which ostensibly "amplif[ied]" Shingler's conclusions about the date of damage,

---

[2] We note that it is unclear whether the district court's decision to grant summary judgment in this case was based on inadmissibility of the expert's opinion under the Federal Rules of Evidence or simply the failure of the affidavit to set forth "specific facts" necessary to create a fact issue under Federal Rule of Civil Procedure 56 and related precedent. The district court held that the affidavit was not "sufficient evidence to establish a genuine issue of material fact" because it lacked "the necessary factual support linking the hail damage . . . to the storm occurring in May 2011," but the court also "sustain[ed] Defendants' objection" that the affidavit was "neither reliable nor helpful to the jury." *Stagliano v. Cincinnati Insurance Co.*, No. 3:13-CV-2474 (N.D. Tex. Dec. 9, 2014). A judge on this court has previously perceived a tension between the admissibility requirements for expert testimony and the burdens at summary judgment when expert affidavits are utilized. *See First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 138–40 (5th Cir. 1996) (Garza, J., concurring) (noting that "the sufficiency of an expert's opinion under Rule 56 is an issue distinct from the admissibility of an expert's opinion under" the Federal Rules of Evidence). We are unaware of any subsequent Fifth Circuit case to have addressed this tension, but in any event, both parties treat the question as one of Plaintiffs' Rule 56 burden, and as the D.C. Circuit has recognized, "[t]o hold that [the admissibility requirements for expert testimony] prevent[] a court from granting summary judgment against a party who relies solely on an expert's . . . theoretical speculations would seriously undermine the policies of Rule 56." *Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 673 (D.C. Cir. 1977). Thus, we conclude that Shingler's affidavit in this case was insufficient to meet Plaintiffs' Rule 56 burden. *See First United*, 96 F.3d at 141 (Garza, J., concurring) (concluding that "the better interpretation" of Rule 56 "requires expert affidavits to include some indication of the reasoning process underlying the expert's opinion"); *see also Crayton v. Amadeo Rossi, S.A.*, 384 F. App'x 330, 332–33 (5th Cir. 2010) (holding that an expert affidavit was insufficient "to create [an] issue[] of material fact at the summary judgment stage" because it "merely set[] out a variety of conclusory allegations that [were] actually opinions devoid of an underlying factual basis and explanation").

created a genuine dispute of material fact and should have prompted the district court to allow Plaintiffs' claims regarding the Valley View Property to proceed. We cannot agree. Even assuming the affidavit could have been considered on a Rule 59(e) motion,[3] it contained the same deficiencies that rendered the initial affidavit insufficient to meet Plaintiffs' summary judgment burden. The new affidavit did state that Shingler relied in part on the observations of a construction expert and building occupants, and Plaintiffs are correct to point out that such observations, even if inadmissible, may properly be relied upon under Federal Rule of Evidence 703. *See* FED. R. EVID. 703. However, Shingler's statement that he relied on the unspecified observations of others to reach his conclusion did nothing to address the affidavit's dearth of specific factual details connecting the damage to the May 11th hail storm, nor did it make up for the affidavit's utter failure to delineate *any* principles or methodology through which Shingler was able to conclude that the damage came from that particular storm. As such, the district court properly denied Plaintiffs' motion to alter or amend its grant of summary judgment in favor of Cincinnati.

With respect to Plaintiffs' remaining claims, we note that an action for breach of the Texas common-law duty of good faith requires a showing that the insurer's liability is "reasonably clear." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Thus, summary judgment was proper on this claim for the same reason it was proper on the breach of contract claim. As to the statutory claims for unfair or deceptive insurance practices, Plaintiffs produced no evidence that we can identify to raise a genuine dispute of

---

[3] *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (noting that "[a] Rule 59(e) [motion] 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'").

material fact. Rather, on appeal Plaintiffs simply repeat their argument from the district court that they "have made a colorable claim for extra-contractual damages . . . couched in long-standing case law" and based on "proper evidence." We think this represents the epitome of an "unsubstantiated assertion[]." *Turner*, 476 F.3d at 343. Accordingly, we hold that summary judgment was proper on all of Plaintiffs' claims.

AFFIRMED.