# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2016

Lyle W. Cayce
Clerk

JUAN GARCIA,

      Plaintiff - Appellant

v.

U PULL IT AUTO & TRUCK SALVAGE, INCORPORATED; BEHROUZ HEYDARIAN, Individually; ASADOLLAH HEYDARIAN, Individually,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3655

---

Before BENAVIDES, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

      This is a Fair Labor Standards Act ("FLSA") case involving a claim for unpaid overtime wages. Plaintiff Juan Garcia ("Garcia") appeals the district court's[1] grant of summary judgment in favor of Defendants U Pull It Auto &

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). For ease of reference, we refer generally to "the district court" in discussing the proceedings below.

No. 16-10257

Truck Salvage, Inc., Behrouz Heydarian, and Asadollah Heydarian (collectively, "Defendants"). The district court concluded that Garcia had "not provided . . . evidence showing a genuine issue for trial that he was improperly compensated for overtime hours that he worked." We now affirm.

## I. BACKGROUND

Defendants Behrouz and Asadollah Heydarian own U Pull It Auto & Truck Salvage, Inc., an automobile salvage yard in Grand Prairie, Texas. Garcia was employed by Defendants as a non-exempt[2] salesman from 2010 to 2014. Defendants admit that they did not keep precise records of the hours that Garcia worked, but the parties agree that Garcia "generally" worked fifty-one total hours per week and was always paid the same amount—$621.50 at first, $678.00 after a raise—for those fifty-one hours. Garcia also does not dispute that for at least two weeks of his employment, he worked only forty-five total hours and was paid $522.50 on those occasions.

Although the record is unclear, Garcia's relationship with Defendants appears to have soured sometime in 2014. After quitting his job at U Pull It, Garcia filed the present suit on October 10, 2014, alleging that Defendants violated the FLSA by failing to pay him an overtime premium of one and one-half times his regular hourly rate of pay for each hour over forty that he worked. Garcia moved for partial summary judgment on liability, arguing that because Defendants failed to keep track of Garcia's hours and almost always paid him the same amount per week, Defendants had compensated Garcia through an impermissible "fixed" payment scheme that incorporated the same number of overtime hours regardless of the number of overtime hours Garcia actually worked. In support of his motion, Garcia attached his own sworn

---

[2] Certain salaried employees are exempt from the FLSA's overtime-pay requirements. *See, e.g.*, *Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 160 (2d Cir. 2008).

No. 16-10257

affidavit, which averred that Garcia "was told" he would receive "a set amount of money per week." The affidavit also stated that Garcia's hours of work at U Pull It "necessarily var[ied]," as Garcia would "generally begin work" around 9:00 a.m., would take a lunch break that varied in length between fifteen and thirty minutes, and would "generally leave around 6:00 p.m.," although there were "occasions" when he would leave earlier or later.

Defendants filed a cross-motion for summary judgment, claiming that they had paid Garcia an hourly wage of $11.00 per regular hour and $16.50 per overtime hour ($12.00 and $18.00 after a raise), and Garcia's weekly pay merely reflected the fact that Garcia almost invariably worked fifty-one total hours each week. Defendants argued that as a result, Garcia could not produce evidence to demonstrate that he worked overtime hours for which he was not paid an overtime wage. In support of their motion, Defendants attached pay records reflecting that on rare occasions when Garcia worked fewer than fifty-one total hours in a week, Garcia was paid a reduced amount corresponding to the claimed hourly pay rates for the regular and overtime hours he actually worked. For example, Defendants' records reflected that Garcia worked only forty-five total hours during the week of September 8 through September 14, 2013, and Garcia received $522.50 in gross pay for that week—in other words, $11.00 per hour for forty hours of regular time and $16.50 for five hours of overtime.

The district court granted summary judgment in favor of Defendants. Based on the records reflecting variations in pay on a few occasions where Garcia worked fewer than fifty-one hours, and because Garcia did not argue that the records were inaccurate, the district court determined that Garcia had failed to "produce[] evidence showing a genuine issue for trial that Defendants improperly paid [Garcia] fixed compensation each week." The district court accordingly dismissed Garcia's claim with prejudice, concluding that "[e]ven if

3

No. 16-10257

Defendants failed to maintain complete and accurate timekeeping records, [Garcia] has not satisfied his burden to come forward with sufficient evidence of specific facts showing a genuine issue for trial as to the amount and extent of his work for Defendants and that he was improperly compensated for that work." Garcia now appeals.

## II. STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The evidence is viewed in the light most favorable to the nonmovant." *Id.* (citing *United Firs & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Davis v. Ft. Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the nonmovant will bear the burden of proof at trial, the moving party may meet this responsibility by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219 (5th Cir. 2015) (per curiam) (quoting *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990)). "The burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or

4

No. 16-10257

by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Davis*, 765 F.3d at 484 (quoting *Celotex*, 477 U.S. at 323). A party may not "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## III. DISCUSSION

Under the FLSA, no employer may employ any non-exempt employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee bringing an action for unpaid overtime compensation must demonstrate, at the threshold, "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

The dispute in this case centers on whether Garcia has produced sufficient evidence to preclude summary judgment on the third element above. Garcia's theory of liability rests on a narrow statutory exception to the FLSA's general rule requiring overtime pay at one and one-half times an employee's regular rate. *See* 29 U.S.C. § 207(f). As this court has previously explained, 29 U.S.C. § 207(f) sets forth an exception to the overtime requirement "for a carefully defined category of guaranteed wage plans" involving "workers whose hours inescapably fluctuate from week to week." *Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 153 (5th Cir. 1982). In essence, Section 207(f) allows employers to contract in advance for payment of a set amount to

5

employees "whose work necessitates wide and unpredictable fluctuations in hours" above and below the forty-hour limit. *See id.* The Department of Labor has taken the position that except for "contracts which qualify under Section [207(f)], it is not possible for an employer lawfully to agree with his employees that they will receive the same total sum, comprising both straight time and overtime compensation, in all weeks without regard to the number of overtime hours (if any) worked in any workweek." 29 C.F.R. § 778.500(b).

It is undisputed in the present case that Garcia's employment with Defendants would not qualify for the Section 207(f) exception. As such, Garcia claims that Defendants violated the FLSA's overtime wage requirements by essentially paying Garcia a set amount each week for varying hours of work pursuant to a Section 207(f) plan that did not meet the requirements of Section 207(f). Of course, Garcia's theory depends on establishing the underlying factual predicate that Defendants did pay Garcia a "fixed" amount for varying hours of work. Defendants contended in the court below that they actually paid Garcia an hourly wage and all required overtime for what was almost always a fifty-one hour workweek, and on the few occasions when Garcia worked a different number of hours than fifty-one, he was only paid for the hours he actually worked. The district court concluded that Garcia had failed to produce evidence creating a genuine dispute of material fact as to whether he was paid hourly, and thus summary judgment in favor of Defendants was proper. We agree.

As noted above, Defendants admit that they breached their duty to make and keep accurate records of their employees' hours. *See* 29 U.S.C. § 211(c). In such a circumstance, an employee may carry his burden to show that the FLSA has been violated "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

No. 16-10257

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). In spite of Defendants' lax record-keeping, the district court in this case determined there was no genuine dispute of material fact that Garcia was paid hourly because (1) Garcia's assertion in his affidavit that he had been "told" he would be paid a flat salary was likely hearsay, (2) Defendants' uncontested pay records and Behrouz Heydarian's deposition testimony showed that when Garcia worked fewer than eleven hours of overtime in a week, he was only paid for the hours he worked, and (3) Garcia lacked other evidence suggesting he had been paid a fixed amount for varying hours of overtime.

On appeal, Garcia first argues that the district court erred by discounting, as hearsay, Garcia's statement in his affidavit about what he was "told," because "taking the evidence in the light most favorable to Garcia, a party-opponent told Garcia this information." However, courts are not required to view evidence presented at summary judgment in the light most favorable to the nonmoving party on the question of admissibility; rather, "the content of summary judgment evidence must be generally admissible," *Bryant Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005), and "'[i]t is black-letter law that hearsay evidence cannot be considered on summary judgment' for the truth of the matter asserted." *Hannon v. Beard*, 645 F.3d 45, 49 (1st Cir. 2011) (quoting *Davila v. Corporacion de P.R. Para La Difusion Publica*, 498 F.3d 9, 17 (1st Cir. 2007)). Garcia presents no argument that the district court abused its discretion in making an evidentiary ruling that the statement in Garcia's affidavit was hearsay. We accordingly reject Garcia's first argument.

Second, Garcia argues that the district court erred by ignoring evidence that Garcia's overtime hours varied from week to week. Yet the only indication in the record that Garcia's hours commonly fluctuated is his own assertion, in a sworn affidavit, that he would "generally begin work" around 9 am, "would take, on average, a thirty-minute lunch," and "would generally leave around

No. 16-10257

6:00 p.m." Even accepting these facts in Garcia's affidavit as true, they show only that Garcia would typically work the fifty-one hours for which he was paid. Garcia's contention that he was paid a fixed wage for varying hours of overtime thus relies solely on the vague suggestions that Garcia would "sometimes" take shorter lunches and would "occasion[ally]" stay past 6 pm—although he would also sometimes "leave earlier." These non-specific assertions are not tied to any evidence suggesting that on any particular week where Garcia was paid for fifty-one hours of work, Garcia worked a different number of hours than fifty-one. On the contrary, Garcia acknowledges in his affidavit that he "worked approximately eleven hours of overtime per week," Garcia's damages calculations rely on eleven hours of overtime per week, and the evidence proffered by Defendants shows that on rare weeks when Garcia worked fewer than eleven hours of overtime, he was paid for the number of hours he actually worked. As such, even drawing reasonable inferences in Garcia's favor, it is entirely speculative that Garcia did not work the overtime hours for which he was compensated in any particular week. In other words, Garcia fails to provide evidence from which it can be inferred that Garcia received fixed compensation despite working varying hours of overtime.

We are mindful that "when employers violate their statutory duty to keep proper records [of hours worked], and employees thereby have no way to establish the time spent doing uncompensated work, the 'remedial nature of [the FLSA] and the great public policy which it embodies . . . militate against making' the burden of proving uncompensated work 'an impossible hurdle for the employee.'" *Tyson Foods, Inc. v. Bouaphakeo*, __U.S.__, 136 S. Ct. 1036, 1047 (2016) (quoting *Anderson*, 328 U.S. at 587). Nevertheless, we think that in order to survive summary judgment on a claim such as the one raised by Garcia in this case, a plaintiff must do more than simply aver that his overtime

8

No. 16-10257

hours varied on unspecified "occasions" without providing a basis from which to infer a variation in any particular week.[3]

AFFIRMED.

---

[3] Garcia also argues that our opinion in *Nunn's Battery & Elec. Co. v. Goldberg*, 298 F.2d 516 (5th Cir. 1962), provides an "alternative justification for invalidating U Pull It's payment plan." However, Garcia never raised this theory in the district court, and he has thus waived it. *State Indus. Prods. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) ("Under our general rule, arguments not raised before the district court are waived and will not be considered on appeal . . . ."). We also note that the employer in *Nunn's Battery* did not "dispute the fact that some of its employees [had] worked extra hours for which they [had] not been paid . . . ." 298 F.2d at 519.