# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2024

Lyle W. Cayce
Clerk

No. 23-40129

Smiley Team II, Incorporated,

*Plaintiff—Appellant*,

*versus*

General Star Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-103

Before Barksdale, Southwick, and Graves, *Circuit Judges*.
Per Curiam:[*]

The district court granted summary judgment to Defendant finding that Plaintiff failed to create a genuine dispute of material fact that any damage to the roof of its store was attributable to the car collision. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40129

## BACKGROUND

Plaintiff's convenience store in Texas was covered by a commercial property insurance policy through the Defendant (the "Policy"). The Policy was effective from February 17, 2017, to February 17, 2018, and did not cover pre-existing wear and tear or damage caused by windstorms or hail. In August of 2017, Hurricane Harvey struck the Texas Gulf Coast, and shortly thereafter, on or about September 14, 2017, Plaintiff's store was struck by a vehicle. Plaintiff submitted a claim for damages caused by the vehicle collision. Defendant tendered $33,337.23 to Plaintiff for related damage. Defendant denied coverage for roof damage stating that it was unrelated to the vehicle collision.

On March 10, 2021, Plaintiff filed suit against Defendant, bringing claims related to the vehicle collision and other policy coverage under the insurance contract. On July 29, 2022, Defendant filed a motion for summary judgment. In response, Plaintiff filed an opposition and attached an affidavit from its expert, Richard Gadrow. The district court granted Defendant's motion for summary judgment finding that Plaintiff did not present a genuine dispute of material fact.

## STANDARD OF REVIEW

"We review a grant of summary judgment de novo, applying the same standard as the district court [and] view[] the evidence 'in the light most favorable to the nonmoving party.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015) (quotation amended and citations omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict

for the nonmoving party.'" *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015) (citation omitted).

## DISCUSSION

Plaintiff argues that Defendant breached the insurance contract by failing to pay for damage to its store's roof. The district court found that Plaintiff's "affidavit and accompanying report [were] insufficient to generate a material fact issue as to whether the vehicle collision caused damage to the roof."[1] We agree with the district court. Plaintiff's expert's affidavit makes conclusory statements and naked assertions that the roof damage was caused by the vehicle collision. He provides no supporting factual evidence or methodology for how he arrived at the conclusion that the roof damage was caused by the vehicle collision. Such a self-serving affidavit is not sufficient to defeat summary judgment. "We have held that the district court may inquire into the reliability and foundation of any expert's opinion to determine its admissibility." *Orthopedic & Sports Inj. Clinic v. Wang Lab'ys, Inc.*, 922 F.2d 220, 224-25 (5th Cir. 1991). However, when such an affidavit is conclusory in fashion, "[w]e have recognized that there is a [certain level] below which [it] must not sink if it is to provide the basis for a genuine issue of material fact." *Id.* "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Id.* at 225 (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)). *See also Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217 (5th Cir. 2015), where we affirmed the district court's grant of summary judgment and stated that:

---

[1] The district court also granted summary judgment to Defendant on Plaintiff's other claims, but the breach of contract claim surrounding the roof damage is the sole issue for this appeal, as it is the sole issue argued in Plaintiff's brief.

> Shingler's affidavit in this case was little more than an allusion to his credentials, a recitation of the hail damage observed, and a conclusory, "subjective opinion" that the damage resulted from a hail storm within the policy period. Accordingly, Shingler's affidavit was insufficient to create a genuine dispute of material fact on an essential element of Plaintiffs' claim, and because the only other evidence presented by Plaintiffs (damage estimates and a short email exchange between claims adjustors) shed no light on the inception of the damage, the district court properly granted summary judgment on Plaintiffs' breach of contract claim.

*Id.* at 220. The same applies here. "[U]nsupported … affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Orthopedic*, 922 F.2d at 225 (quoting *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985)). Accordingly, the district court did not err in granting summary judgment to Defendant.

## CONCLUSION

We AFFIRM the district court.