# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2022

Lyle W. Cayce
Clerk

No. 21-60022
Summary Calendar

OSCAR STILLEY,

*Plaintiff—Appellant*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*; DAVID PAUL, *Warden at Federal Correctional Institute Yazoo City*; CHRISTOPHER RIVERS, *In his official capacity as Warden, Yazoo City Low*; KATHLEEN HAWK SAWYER, *In her official capacity as Director of the Department of Justice, Federal Bureau of Prisons*; J. F. CARAWAY, *In his official capacity as Regional Director of the South Central Region of the Department of Justice, Federal Bureau of Prisons*; J. A. KELLER, *In his official capacity as Regional Director of the Southeast Region of the Department of Justice, Federal Bureau of Prisons*; THE DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS; UNITED STATES OF AMERICA; JOHN DOES 1-49,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-06

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Oscar Stilley was a federal inmate at all times relevant to this appeal and sued defendants, including the Bureau of Prisons and various federal officials, for the wrongs he allegedly experienced while incarcerated. The district court dismissed his complaint for failure to exhaust administrative remedies and denied a motion requesting that a free copy of his complaint be mailed to him. We AFFIRM.

## I. BACKGROUND

Oscar Stilley was a federal inmate from April 2010 until September 2020. In January 2019, while incarcerated at FCC Yazoo in Yazoo City, Mississippi (FCC Yazoo), he filed a complaint alleging violations of habeas corpus, the Federal Tort Claims Act (FTCA), the Freedom of Information Act (FOIA), the Religious Freedom Restoration Act (RFRA), and the Administrative Procedure Act (APA). His sixty-nine-page complaint details alleged wrongs perpetrated against Stilley throughout the last decade in the federal prison system spanning at least four prisons, including FCC Yazoo. After he filed his complaint, he requested that the district court mail him a copy. The court denied that request because he had not followed the procedures for requesting a copy.

The United States filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), and the remaining defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). After briefing by the parties, the magistrate judge issued a report and recommendation dismissing the complaint in its entirety, and the district court adopted the report and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

recommendation as the order of the court after considering further briefing on Stilley's objections to the report and recommendation.

Stilley appeals, arguing that the district court erred in (1) dismissing Stilley's complaint for failure to exhaust his administrative remedies, (2) failing to allow the parties to conduct discovery before the dismissal, and (3) failing to mail Stilley the requested copy of his complaint.

## II. FTCA Claims

The FTCA provides a limited waiver of sovereign immunity for plaintiffs to pursue tort claims against the government. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Before bringing such a suit, a plaintiff must exhaust his administrative remedies. 28 U.S.C. § 2675(a). When a plaintiff fails to exhaust his administrative remedies, the district court does not have subject-matter jurisdiction over the FTCA claims. *McNeil v. United States*, 508 U.S. 106, 113 (1993). We review a district court's Rule 12(b)(1) dismissal of an FTCA claim de novo. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (en banc).

The administrative-remedy-exhaustion "requirement is a prerequisite to suit under the FTCA." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). Stilley has the burden of proving that he exhausted his claims administratively. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). The district court explained that Stilley had not met this burden of proof because he simply offered "conclusory allegations" without proving exhaustion of his tort claims at any of the institutions. We agree. Stilley incorrectly believes that the government must provide evidence that he has *not* exhausted his administrative remedies. He also offers no "specific . . . acts by any particular officer" that he then exhausted through proper channels. Accordingly, the district court did not have subject-matter jurisdiction over Stilley's FTCA claims.

No. 21-60022

## III. Prison Condition Claims

Next, the Prison Litigation Reform Act (PLRA) requires prisoners to exhaust available administrative remedies before bringing an action "with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. § 1997e(a). We review a district court's dismissal of claims for failure to exhaust administrative remedies for an abuse of discretion. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

Stilley's non-FTCA claims are similarly unsuccessful.[1] The PLRA's exhaustion requirement applies to all of Stilley's remaining claims because they pertain to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Unlike the FTCA claims, however, "failure to exhaust is an

---

[1] Stilley argues on appeal that his FOIA claims, in particular, were exhausted because a FOIA official notified him of his right to sue under 5 U.S.C. § 552(a)(4)(B). However, he did not raise this argument to the district court in his objections to the report and recommendation. "[A]rguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'" *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (quoting *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.* (quoting *N. Alamo Water Supply Corp.*, 90 F.3d at 910). But Stilley did not argue on appeal that extraordinary circumstances warrant considering the argument unabandoned., and "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

At best, Stilley identifies facts including his status on home confinement as a circumstance that hindered his writing of the objections. Nevertheless, the district court granted Stilley's motion for extension of time, allowing seven extra days to file his objections. Accordingly, Stilley has neither raised the argument before the district court nor adequately raised the issue on appeal. This argument against the district court's dismissal (without prejudice) of Stilley's FOIA claims is thus waived.

No. 21-60022

affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To meet that burden, the government offered a declaration from Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo. Singleton outlined the "three-tiered [formal] review process" of prisoner complaints followed by the Bureau. Singleton also described the SENTRY electronic database that "stores information entered . . . on the status, progress, and disposition of each remedy filed by an inmate." Importantly, "[e]ach filing received is logged into SENTRY regardless of whether the remedy is ultimately exhausted and whether the filing is rejected for some procedural reason." Singleton reviewed all 23 remedy requests filed by Stilley at FCC Yazoo, and all requests revealed that "Stilley failed to comply with and complete the Bureau's administrative remedy program for any one remedy [request]."

On appeal, Stilley challenges Singleton's declaration as not addressing the claims involving prisons other than FCC Yazoo. The district court, however, did not rely solely on Singleton's declaration. It also relied on the government's evidence that all the administrative filings attached to Stilley's complaint were not exhausted. Reasons for failure to exhaust included timeliness, submitting formal complaints without first attempting informal resolution, and filing claims at the wrong institutional level.

Stilley's only response—to the district court and again on appeal—is that the administrative procedures are too difficult to complete, making them "unavailable" under Supreme Court precedent in *Ross v. Blake*, 578 U.S. 632 (2016). In *Ross*, the Supreme Court held that there were three circumstances in which remedies are unavailable: (1) when the administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where "some

mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44.

The district court concluded that the administrative remedies were not "unavailable" to Stilley because (1) he did not set forth specific facts explaining why he could not file each grievance properly and (2) his charges are all "generalized to the entire inmate population" rather than targeted to "his specific claims or attempts to exhaust." On appeal, Stilley suggests that it is the government's burden to prove that the administrative remedies were available to him. But that conflates the government's affirmative defense (that Stilley did not exhaust the administrative remedies of his claims) with the availability of those remedies, and Stilley cites no law for the proposition that the government must prove the latter. Accordingly, we affirm the district court's dismissal of Stilley's non-FTCA claims.

## IV. Conversion to Summary Judgment Motion

Stilley also appeals the district court's conversion of defendants' motion to dismiss to one for summary judgment. Stilley requested discovery in his objections to the report and recommendation. We review a denial of a Rule 56(d) motion for discovery for abuse of discretion. *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam).

In order to be successful in a request for discovery, a plaintiff "need[s] to give the district court some idea of how the sought-after discovery might reasonably . . . create a factual dispute. The mere fleeting mention of a matter . . . will not suffice to alert the district court to the potential importance of [discovery]." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292 (5th Cir. 1994). Here, Stilley requested discovery claiming that to deny it would

"not be fair" because the defendants interpret Stilley's claims as "unfounded conspiracy theories" but are unable "to rebut the actual facts stated." This request did not give the district court an idea of the sought-after discovery material and "its likely relevance" to his claims. *Id.* Accordingly, the district court did not abuse its discretion by converting the motion to dismiss into a summary judgment motion.

## V. Denial of Request to Mail Complaint

Finally, the district court denied Stilley's motions that requested *in forma pauperis* status, a copy of his complaint served by the U.S. Marshal without cost, and copies of all pleadings filed in the matter. The district court found that Stilley "ha[d] submitted no updated evidence to indicate that he is unable to bear the cost of service of process" and "ha[d] further failed to show that he [wa]s economically unable to bear the costs concerning the [pleadings'] exhibit copies."

Stilley only appeals the district court's denial of being mailed a file-marked complaint. He argues that receiving a file-marked copy of a complaint is a due process right and that inmates doing legal work are "cash cows." He then requests that we "include a paragraph in [our] decision, saying that from henceforth any incarcerated pro se litigant in the 5th Circuit is entitled to copies of all filed pleadings, with the filemark headers, by [U.S.] mail or from some official source readily accessible to the inmate."

Stilley received a copy of the complaint "from a friend." Additionally, on appeal, Stilley offers no "updated evidence to indicate that he is unable to bear the cost of service of process," he simply asserts that he "could not even spend \$35 in PACER fees to get a copy of the complaint with filemark headers." Accordingly, we affirm the district court's denial of Stilley's motion and further decline to include his proffered paragraph or adopt his proposed rule for the future handling of pro se pleadings.

No. 21-60022

## VI. Conclusion

For the foregoing reasons, we AFFIRM the district court's order dismissing Stilley's claims and the order denying Stilley's request for a free copy of his complaint.