# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

No. 25-40434

Justin Albaugh,

*Plaintiff—Appellant*,

*versus*

Wind Access Engineering, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:23-CV-146

_____

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:[*]

At issue is whether the district court, in dismissing this diversity action without prejudice, abused its discretion in denying Justin Albaugh's motion for leave to amend his complaint. AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40434

I

In the light of this action's being dismissed on the pleadings, we accept as true all well-pleaded facts in the complaint. *See Sterling v. City of Jackson*, 159 F.4th 361, 368 (5th Cir. 2025).

In December 2021, Albaugh was using a platform manufactured and sold by Wind Access Engineering, Inc. (Wind Access), when the platform's "spool holder malfunctioned", nearly severing one of his hands and causing extensive medical treatment.

As a consequence, Albaugh filed an action in Texas state court in Hidalgo County in February 2023, with state-law claims for premises liability against Magic Valley Electric Cooperative, Inc. (Magic Valley), the alleged owner of the property on which he was injured; and strict products liability against Wind Access.

Wind Access removed the action in April 2023 under 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (removal of civil actions), and 1446 (procedure for removal actions). It asserted that, although Magic Valley was a forum defendant, it was improperly joined because Albaugh's claims against it: lacked sufficient factual allegations; "loosely recite[d] the elements"; and incorrectly alleged that Magic Valley owned the property in question. *See* 28 U.S.C. § 1441(b)(2) (prohibiting diversity jurisdiction when "any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought") (emphasis added). Albaugh's motion to voluntarily dismiss his claims without prejudice was granted.

Albaugh then filed this action in August 2023 in Texas state court in Willacy County, with the same claims as in his first action and adding claims of negligence, negligence *per se*, and gross negligence against both Wind Access and Magic Valley. Wind Access removed this action n 9 October

2

2023 based on diversity jurisdiction. It once again asserted that, although Magic Valley was a forum defendant, it was improperly joined because Albaugh's claims against it failed to meet federal pleading standards.

Albaugh on 8 November 2023 moved to remand or, in the alternative, to amend his complaint. That same day, the district court referred the motion to a magistrate judge (MJ) under 28 U.S.C. § 636(b). In response to Albaugh's motion, Wind Access on 28 November 2023 contended he failed to meet federal pleading standards, requiring the court to dismiss Magic Valley from the action. Albaugh then moved to amend his complaint to add a different alleged property owner as defendant.

The MJ's 17 January 2024 report and recommendation (R&R) recommended the district judge deny the motion to remand and dismiss the claims against Magic Valley for failure to satisfy federal pleading standards. The MJ also recommended denying Albaugh's motion to amend, noting, *inter alia*, that he: knew the proposed defendant was the correct property owner (and that Magic Valley was not) eight months prior to moving to amend; waited until the last day of the statute of limitations to move to amend; and acted in "bad faith and [with] dilatory motive" in moving to amend. The district judge on 14 February 2024 adopted the R&R without conducting an independent review of the record.

A 13 May 2024 scheduling order set, *inter alia*: a pleading-amendment deadline for 3 June 2024; and a discovery deadline for 30 April 2025. After little discovery, Wind Access moved on 17 October 2024 for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). On 31 October 2024, the court referred the motion to an MJ. Albaugh opposed the motion on 7 November 2024, contending his claims met federal pleading standards. In the alternative, he again requested leave to amend his complaint.

No. 25-40434

During the pendency of the motion, the scheduling order was amended twice. The MJ's 16 May 2025 R&R recommended the district court: grant Wind Access' motion for judgment on the pleadings; deny Albaugh leave to amend his complaint; and dismiss his claims without prejudice. In doing so, the MJ noted that Albaugh's "cursory request for leave to amend his Complaint does not even mention the passing of the pleading amendments deadline or acknowledge that its expiration has any legal significance for amendment purposes". The MJ recommended, *inter alia*, that Albaugh's failing both to request an extension of the scheduling order and to show good cause for obtaining the extension was "fatal for [his] leave request".

In his 30 May 2025 objections to the R&R, Albaugh attached a first amended complaint (FAC). He contended: any deficiencies in his original pleading would be remedied by the FAC; and amendment was appropriate because Wind Access' Rule 12(c) motion was the first challenge to the sufficiency of his pleading. The district court on 16 June 2025 adopted the R&R and entered judgment. In doing so, it conducted an independent review of the record, as reflected by its stating, *inter alia*: "the record demonstrates . . ."; "the record, however, controverts . . ."; and "[b]ased on the record as a whole . . .". *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017) (holding court conducted independent review of record when it "found the [MJ]'s [R&R] to be supported by the record in this matter") (internal quotations omitted).

II

This being a diversity action, "substantive state law must be applied . . . , but state procedural law yields to the applicable Federal Rules". *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019).

4

Albaugh contends the court abused its discretion in denying his motion to amend by:  concluding he lacked good cause to extend the scheduling order's pleading deadline; and contravening Federal Rules of Civil Procedure 15(a)(2) (providing leave to amend "should [be] freely give[n] when justice so requires") and 81(c)(2) (providing "repleading is unnecessary unless the court orders it"). Wind Access counters that Albaugh waived his good-cause and Rule 81(c)(2) assertions by failing to raise them before the MJ and district judge.  In the alternative, it asserts he fails to establish both good cause to extend the pleading deadline and entitlement to amendment under Rule 15(a).  In reply, Albaugh maintains he did not waive the issue of his entitlement to amendment, as he provided his reasons for failing to meet the scheduling order's deadline to the MJ and district judge.

"[W]hen the district court engages in an independent evaluation of the record, as here, the standard of review depends upon the issue on appeal". *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  A district court's denying leave to amend is reviewed for abuse of discretion. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired". *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see* Fed. R. Civ. P. 16(b)(4) (requiring good cause for modification of scheduling order).  Courts consider four factors when evaluating whether good cause exists:  "the explanation for the failure to timely move for leave to amend"; "the importance of the amendment"; "potential prejudice in allowing the amendment"; and "the availability of a continuance to cure such prejudice". *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted).

"Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.; *see* Fed. R. Civ. P. 15(a)(2).

Regarding Wind Access' contending Albaugh's good-cause assertion is waived for failing to raise it before the MJ and the district judge, the MJ noted Albaugh: "never state[d] that he s[ought] an extension of the applicable deadline nor plead[ed] grounds for seeking an extension as required"; and "overlook[ed] . . . the need to request a time extension . . . mean[ing] he propose[d] no good cause for obtaining an extension". Along that line, the end of his 7 November 2024 response to Wind Access' Rule 12(c) motion merely stated: "[s]olely to the extent the Court believes that the complaint requires more specific allegations on any of its claims to proceed at this point, the Court should grant the plaintiff leave to amend".

Notably absent from his request was any mention of the good-cause standard, much less a showing of entitlement under it. And remarkably, despite the MJ's noting this omission, Albaugh again failed to raise good cause in his objections to the R&R. The district judge noted, *inter alia*, that Albaugh "present[ed] no explanation for his failure to amend his pleading before the deadline in the Scheduling Order" and sought amendment "only in a perfunctory fashion".

"[T]his court considers arguments [waived] if they are not raised before a[n] [MJ]". *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). "Under our general rule, . . . waived [contentions] . . . will not be considered on appeal unless the party can demonstrate extraordinary circumstances." *State Indus. Prods. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (citation omitted). "Extraordinary circumstances exist when the issue involved is a pure question of law and a

miscarriage of justice would result from our failure to consider it." *Id.* (citation omitted).

Whether good cause warrants extending the scheduling-order deadline is not a pure question of law, as provided *supra* in the abuse-of-discretion standard, and Albaugh "fails to articulate *why* we should exercise our discretion to consider [his] otherwise [waived] legal argument[]", *Shambaugh*, 91 F.4th at 372 (emphasis in original); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 399 (5th Cir. 2021) ("Nor is there manifest injustice to correct here—nothing prevented [appellant] from [raising the issue] in the district court."). Accordingly, we will not consider his contending, for the first time on appeal, that good cause exists. *See State Indus. Prods. Corp.*, 575 F.3d at 456.

In the alternative, the district judge concluded that Albaugh failed to show good cause because, *inter alia*, he contended his factual allegations were sufficient and made only a cursory attempt to amend in the face of Wind Access' Rule 12(c) motion. Given these circumstances—and Albaugh's failure to brief, much less mention, the applicable four-factor test described *supra*—the court did not abuse its discretion in concluding he failed to show good cause. *See Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (holding court did not abuse its discretion when party "contended that his pleadings sufficed to state a . . . claim [and] adamantly asserted that he was not required to plead additional facts"). And, because he fails to show good cause for modifying the scheduling-order deadline, he cannot show that he was entitled to amend his complaint under Rule 15(a). *See S&W Enters., L.L.C.*, 315 F.3d at 536.

## III

For the foregoing reasons, the judgment is AFFIRMED.